

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS
December 4, 1962

**WILL WILSON**
**ATTORNEY GENERAL**

Honorable Jack N. Fant
County Attorney
El Paso County
El Paso, Texas

Opinion No. WW-1482

Re: Authority of the Commis-
sioners Court of El Paso
County, under the pro-
visions of the Water
Safety Act, Article
1722a, V.C.S., to levy
and collect an annual
inspection fee from all
motorboats using Ascarate
Park Lake in the County
park located in El Paso
County; and related ques-
tions.

Dear Mr. Fant:

You have asked for an opinion of this office as to
whether or not the Commissioners Court of El Paso County,
under the provisions of the Water Safety Act, Article 1722a,
Vernon's Civil Statutes, has authority to levy and collect
an annual inspection fee from all motorboats using Ascarate
Park Lake in the County park located in El Paso County. You
have further asked whether the Commissioners Court has the
authority to designate a deputy sheriff or other legally consti-
tuted county officer to inspect the motorboats and to collect
the inspection fee, and further, whether an order of the Com-
missioners Court would suffice so as to comply with the "local
law" referred to in Article 1722a.

We must first note that the County park presently at
issue is one established under the authority of Articles 6078
and 6081e, Vernon's Civil Statutes. Article 6078 is quoted in
part as follows:

" . . . Said court shall have full power
and control over any and all such parks and
may levy and collect an annual tax sufficient
in their judgment to properly maintain such
parks and build and construct pavilions and
such other buildings as they may deem neces-
sary; lay out and open driveways and walks,
pave the same or any part thereof, set out

> trees and shrubbery, construct ditches or
> lakes, and make such other improvements as
> they may deem proper.  Such parks shall re-
> main open for the free use of the public
> under such reasonable rules and regulations
> as said court may prescribe." (Emphasis
> added).

Article 1722a, Vernon's Civil Statutes, entitled the Water Safety Act, is the statute which has been enacted to govern the operation of watercraft on the waters of this State.  Section 13 thereof is quoted:

> "The provisions of this Act, and of
> other applicable laws of this State, shall
> govern the operation, equipment, numbering
> and all other matters relating thereto when-
> ever any vessel shall be operated on the
> waters of this State, or when any activity
> regulated by this Act shall take place there-
> on, but nothing in this Act shall be construed
> to prevent the adoption of any ordinance or
> local law relating to operation and equipment
> of vessels, the provisions of which are con-
> sistent with the provisions of this Act. amend-
> ments thereto or regulations issued thereunder,
> providing further that an incorporated munici-
> pality may adopt ordinances limiting the horse-
> power of motorboats on all lakes owned by or
> situated in the jurisdictional limits of such
> municipality."

We are thus left with two basic questions.  One, does the county have the authority to  issue such a regulation; two, does the proposed regulation conflict with the provisions of Article 1722a?

It is a general proposition of law that counties have only those powers or duties that are clearly set forth and de- fined in the Constitution and statutes.  And the powers grant- ed to counties are more strictly construed than those granted to incorporated municipalities. 15 Tex.Jur.2d, Counties, Sec. 80.  Further, the commissioners court is a court of limited jurisdiction.  Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948); and the commissioners court does not have general police powers, Commissioners Court v. Kaiser, 23 S.W.2d 840 (Civ.App., 1929, error ref.).  In support of the proposed inspec- tion fee, we have been cited to the case of City of Stamford

v. Ballard, 345 S.W.2d 596 (Civ.App., 1960), wherein it was held that a city ordinance imposing an inspection fee upon rent boats on a city lake was valid. This case cannot control on the present issue by virtue of the fact that a city has implied powers and general police powers, whereas a county has no such authority. In order to exercise a power, a county must have been specifically delegated such power, either by Constitution or by statute. Mills County v. Lampasas County, 90 Tex. 603, 40 S.W. 403 (1897).

With reference to the subject of fees, it should be noted that it has been held that a state board may not impose a fee where there has been no specific authorization for such fee. Attorney General's Opinion No. O-5802 (1944). Further, no public officer may claim or receive any money without a law authorizing him to do so and clearly fixing the amount to which he is entitled. Binford v. Robinson, 112 Tex. 84, 244 S.W. 807 (1922). We find no clear unquestionable statutory authority setting forth a specific amount which could be imposed by the County of El Paso for the fee here in issue. This conclusion is reinforced by referring again to Article 6078, wherein the county is authorized to exercise full power and control over the park within its limits. This control is granted in the same sentence which authorizes the levy and collection of annual taxes sufficient to properly maintain such parks and construct such additions necessary to their proper operation. We may reasonably conclude, therefore, that the "full power and control" granted by the Legislature to the county was intended by the Legislature to extend only to such control as is consistent with the efficient operation of the park. The statute specifically provides for the allocation of taxation to finance the park. The fee proposed here by El Paso County is clearly a revenue measure, not a safety measure. The revenue to support the park is to be provided by taxation imposed under Article 6078 and not raised by the levy of inspection fees.

Our answer to the first question renders needless any answer to the other questions posed.

## SUMMARY

The Commissioners Court of El Paso County has no authority to levy an annual inspection fee upon all motorboats using Ascarate Park Lake, a

county park located in El Paso
county, such park lake having been
established under the authority of
Articles 6078 and 6081e, V.C.S.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Malcolm L. Quick*

Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John Reeves
L. P. Lollar
Tom Peterson
Bob Eric Shannon

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore