

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Iston, TX. 77002-3111
..3/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

August 19, 1986

Honorable E. Bruce Curry
District Attorney
521 Earl Garrett Street
Kerrville, Texas 78028

Opinion No. JM-534

Re: Authority of a commissioners court to amend a subdivision ordinance to exempt certain kinds of subdivisions from the provisions of article 6702-1, V.T.C.S.

Dear Mr. Curry:

You inquire whether a commissioners court may amend its subdivision ordinance to exempt certain kinds of subdivisions from the provisions of article 6702-1, section 2.401, V.T.C.S. Your question is raised by the fact that a commissioners court by order established "minimum requirements for the laying out, design, and construction of streets, roads, parks, and other areas to be dedicated to public use within subdivisions or additions" lying outside the corporate limits of cities and towns in the county as a requisite to approval and authorization of any map or plat of such subdivisions or additions. Subsequently, the commissioners court issued an amendment to its subdivision ordinance which provides, in part, that the order establishing minimum requirements requisite to approval and authorization of a map or plat of a subdivision or addition outside the corporate limits of a city or town shall not apply to the following divisions:

1. Division of land by order of Court.

2. Division of inherited property between heirs, by agreement or by action in probate.

3. Division by gift or bequest.

4. Division by sale to an adjoining owner.

5. Division of a tract into smaller tracts all of which smaller tracts exceed twenty (20) acres per tract.

6. Division of a larger tract into not more than three (3) smaller tracts, however said division of the larger tract or smaller tracts subdivided shall not occur more frequently than

once each 12 months. Subsequent divisions of smaller tracts subdivided shall be subject to the limitation imposed on the larger tract as to number of smaller tracts (3) which may be subdivided in one 12 month interval.

We conclude that, within the authority granted by article 6702-1, a commissioners court may amend and change its own minimum requirements that are requisite to its approval and authorization of a map or plat of a subdivision located outside the corporate limits of a city, but a commissioners court may not enact exemptions to provisions of the state statute.

The approval of maps and plats of subdivisions located outside the corporate limits of a city is governed by section 2.401 of article 6702-1, V.T.C.S., which is the County Road and Bridge Act, and article 6626aa, V.T.C.S. See Attorney General Opinion JM-365 (1985). Article 6626aa provides that in areas under a city's extraterritorial jurisdiction as defined by article 970a, V.T.C.S., no plat shall be filed with the county clerk without the authorization of both the city and county. Section 2.401 of article 6702-1, V.T.C.S., provides, in part, that

(b) The owner of any tract of land situated without the corporate limits of any city in the State of Texas, who may hereafter divide the same in two or more parts for the purpose of laying out any subdivision of any such tract of land, or an addition without the corporate limits of any town or city, or for laying out suburban lots or building lots, and for the purpose of laying out streets, alleys, or parks, or other portions intended for public use, or the use of purchasers or owners of lots fronting thereon or adjacent thereto, shall cause a plat to be made thereof, which shall accurately describe all of said subdivision or addition by metes and bounds and locate the same with respect to an original corner of the original survey of which it is a part, giving the dimensions of said subdivisions or addition and the dimensions of all lots, streets, alleys, parks, or other portions of same intended to be dedicated to public use or for the use of purchasers or owners of lots fronting thereon or adjacent thereto. . . .

(c) Every such plat shall be duly acknowledged . . . Subject to the provisions contained in this section, such plat shall be filed for record and be recorded in the office of the county clerk of the county in which the land lies.

(d)  The commissioners court of the county may, by an order duly adopted and entered upon the minutes of the court, after a notice published in a newspaper of general circulation in the county, be specifically authorized to make the following requirements:

(1)  to provide for right of way on main artery streets or roads within such subdivision of a width of not less than 50 feet nor more than 100 feet;

(2)  to provide for right of way on all other streets or roads in such subdivision of not less than 40 feet nor more than 70 feet;

(3)  to provide that the shoulder-to-shoulder width on collectors or on main arteries within the right of way be not less than 32 feet nor more than 56 feet;

(4)  to provide for the shoulder-to-shoulder width on all other streets or roads within such subdivision within the right of way to be not less than 25 feet nor more than 35 feet;

(5)  to promulgate reasonable specifications to be followed in the construction of any such roads or streets within such subdivision, considering the amount and kind of travel over said streets;

(6)  to promulgate reasonable specifications to provide adequate drainage in accordance with standard engineering practices for all roads or streets in said subdivision or addition;

(7)  to require the owner or owners of any such tract of land which may be so subdivided to give a good and sufficient bond for the proper construction of such roads or streets affected, with such sureties as may be approved by the court.  In the event a surety bond by a corporate surety is required, such bond shall be executed by a surety company authorized to do business in the State of Texas.  Such bond shall be made payable to the county judge or his successors in office, of the county wherein such subdivision lies, and conditioned that the owner or owners of any such tract of land to be subdivided will construct any roads or streets within such subdivision in accordance with the specifications promulgated by and within

> a reasonable time as may be allowed by the com-
> missioners court cf the county. The bond shall be
> in such an amount as may be determined by the
> commissioners court not to exceed the estimated
> cost of constructing such roads or streets.
>
> (e) The commissioners court of the county
> shall have the authority to refuse to approve and
> authorize any map or plat of any such subdivision,
> unless such map or plat meets the requirements as
> set forth in this section and there is submitted
> at the time of approval of such map or plat such
> bond as may be required by this section.
> (Emphasis added).

The platting requirements of article 6702-1 apply to the divisions of land into two or more parts for the purposes specified in subsection (b).

It is well established that a county commissioners court possesses only the powers conferred either expressly or by necessary implication by the constitution and statutes of this state. See Tex. Const. art. V, §18; Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). We are not aware of any statute that gives a county the power to enact exemptions to the provisions of article 6702-1 that require the preparation and filing of record of a plat by an owner who divided land outside a city into two or more parts for the purposes specified in subsection (b). See Attorney General Opinion JM-508 (1986). Cf. Lacy v. Huff, 633 S.W.2d 605, 610 (Tex. App. - Houston [14th Dist.] 1982, writ ref'd n.r.e.) (requirements of statute authorizing cities to regulate subdivision development are applicable to owner who sought to divide lot into two lots). When an order of the commissioners court conflicts with a proper legislative act, the order must give way; the act of the legislature prevails. Brown v. Meeks, 96 S.W.2d 839, 842 (Tex. Civ. App. - San Antonio 1936, writ dism'd).

A map or plat of a subdivision or addition outside the corporate limits of a city must have been approved by the county before it can be filed and recorded by the county clerk. See Property Code §12.002; Trawalter v. Schaefer, 179 S.W.2d 765 (Tex. 1944); Attorney General Opinion JM-508 (1986). If a person who seeks to file and record a plat has complied with the statutory requirements outlined in section 2.401 of article 6702-1, approval and filing of the plat becomes a mere ministerial duty. See Commissioners Court v. Frank Jester Development Co., 199 S.W.2d 1004, 1007 (Tex. Civ. App. - Dallas 1947, writ ref'd n.r.e.); Attorney General Opinion JM-317 (1985). See also, City of Corpus Christi v. Unitarian Church, 436 S.W.2d 923, 927 (Tex. Civ. App. - Corpus Christi 1968, writ ref'd n.r.e.).

Subsection (d) of section 2.401, however, expressly authorizes a commissioners court to establish by order the minimum requirements

specified in subsection (d) as requirements that are necessary for the county's approval of maps or plats of subdivisions outside the corporate limits of a city. The commissioners court exercises the legislative power of the county and has the power to amend an order made in its legislative capacity, insofar as the amendment conforms to the authority granted by statute and does not impair vested rights or violate other constitutional provisions, such as the equal protection clause of the Fourteenth Amendment of the United States Constitution.

Hence, it is our opinion that, to the extent authorized by article 6702-1, section 2.401, a commissioners court may amend its minimum requirements that are requisite for its approval of sub-division plats, but it may not exempt certain kinds of subdivisions from the provisions of article 6702-1, section 2.401, that require owners who divide land into two or more parts for the purposes specified in section 2.401(b) to file a plat for recording in the office of the county clerk.

## SUMMARY

A commissioners court is authorized to amend its subdivision ordinance to make changes in the minimum requirements specified in section 2.401(d) of article 6702-1, V.T.C.S., which are enacted as requirements necessary for the county's approval of maps and plats of subdivisions located outside a city. A commissioners court may not amend its subdivision ordinance to exempt certain kinds of subdivisions from the provisions of section 2.401 that require an owner to prepare and file a plat when land located outside a city is divided into two or more parts for the purposes specified in section 2.401(b).

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General