

# THE ATTORNEY GENERAL
## OF TEXAS

September 1, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable George Pierce
Chairman
Texas Commmittee on Urban Affairs
House of Representatives
P. O. Box 2910
Austin, Texas  78769

Opinion No. JM-781

Re:   Whether an individual may divide and sell a tract of land which is located on an existing county road without complying with plat approval requirements and related questions

Dear Representative Pierce:

You ask the following questions:

> 1.  Can an individual divide a tract into two or more parcels and sell same without complying with plat approval requirements where such lands are located on an existing county road and no roads are contemplated within the land to be subdivided?

> 2.  Can an individual who divides a tract into two or more tracts sell such lands by metes and bounds with the creation of a private road within the land subdivided without completion of plat approval requirements?  This question assumes that no portion of lands divided shall be dedicated to public use.

> 3.  What is the authority of the city within its ETJ to require plats where such lands to be subdivided contain no road dedicated for public use and are adjacent to an existing county road?

> 4.  What is the authority of the city within its ETJ to require plats for subdivisions where a tract is divided into two or more parcels and an individual proposes to sell such lands by metes and bounds without dedication of public roads?

Section 2.401 of the County Road and Bridge Act, article 6702-1,

V.T.C.S.[1] provides:

> Sec. 2.401. (a) This section applies to each county of the state except a county that elects to operate under Section 2.402 of this Act.
>
> (b) The owner of any tract of land situated without the corporate limits of any city in the State of Texas, who may hereafter divide the same in two or more parts for the purpose of laying out any subdivision of any such tract of land, or an addition without the corporate limits of any town or city, or for laying out suburban lots or building lots, and for the purpose of laying out streets, alleys, or parks, or other portions intended for public use, or the use of purchasers or owners of lots fronting thereon or adjacent thereto, shall cause a plat to be made thereof. . . . (Emphasis added.)

Article 974a, V.T.C.S., provides:

> Section 1. Hereafter every owner of any tract of land situated within the corporate limits, or within five miles of the corporate limits of any city in the State of Texas, who may hereafter divide the same in two or more parts for the purpose of laying out any subdivision of any tract of land or any addition to any town or city, or for laying out suburban lots or building lots, or any lots, and streets, alleys or parks or other portions intended for public use, or the use of purchasers or owners of lots fronting thereon or adjacent thereto, shall cause a plat to be made thereof. . . . (Emphasis added.)

In Attorney General Opinion JM-365 (1985) the matter of the phrase "within five miles of the corporate limits" contained in section 1 of article 974a was considered. There it was stated:

> Attorney General Opinion JM-121, issued in

---

1. Sections 2.401 and 2.402 of Art. 6702-1, V.T.C.S. and articles 970a and 974a, V.T.C.S., cited in this opinion are codified in the Local Government Code without substantive change enacted by Acts 1987, 70th Leg., Chapter 149, effective September 1, 1987.

December 1983, concluded that, notwithstanding that articles 974a and 6626, V.T.C.S., provided for city approval of subdivision plats within five miles of the corporate limits of a city, the amendment and enactment of articles 6626a [now section 2.401 of article 6702] and 6626aa, respectively, by chapter 327 impliedly repealed the five-mile range and provided instead that a city may not exercise plat approval authority out-side the city's extraterritorial jurisdiction as that area is determined by article 970a. It is our opinion that 'said extraterritorial jurisdic-tion' within the meaning of article 6626aa is a city's extraterritorial jurisdiction as determined by article 970a. Article 6626a expressly states that in areas under a city's extraterritorial jurisdiction as defined by article 970a, a plat may not be filed without the authorization of both the city and the county. (Emphasis added.)

Under article 970a, V.T.C.S., the extra-territorial jurisdiction of a city is determined by its population. Section 2.402 of article 6702-1 applies to each county "that has a population of more than 2.2 million or is contiguous with a county with a population of more than 2.2 million" and, insofar as pertinent to the issues herein, contains the same language as both section 2.401 of section 6702-1 and article 974a.

In Attorney General Opinion JM-508 (1986) the developers had not attempted to file a map or plat of a subdivision. In that opinion it was stated:

[T]he legislature has determined that, if the owner of a tract of land who divides the same in two or more parts

for the purpose of laying out any subdivision of any tract of land or any addition to any town or city, or for laying out suburban lots or building lots, or any lots, and streets, alleys or parks or other portions intended for public use, or the use of purchasers or owners of lots fronting thereon or adjacent thereto, [then he] shall cause a plat to be made thereof. . . .

V.T.C.S. art. 974a, §1. Whether the developers filed the deeds and dedicatory certificates for one of the above purposes is a question of fact

> this office is not authorized to answer.
> (Emphasis added.)

"Subdivision" and "public use" are not given statutory definitions. In City of Weslaco v. Carpenter, 694 S.W.2d 601, 603 (Tex. App. - Corpus Christi 1985, writ ref'd n.r.e.) the court stated "a 'subdivision' of property may refer simply to the act of partition itself, regardless of whether an actual transfer of ownership -- or even an intended transfer of ownership -- occurs." The Texas Supreme Court in Coastal States Gas Producing Company v. Pate, 309 S.W.2d 828 (Tex. 1958) in examining the meaning of the words "public use" stated:

> No hard and fast rule can be laid down for determining public use, however, and each case is usually decided upon the basis of its own facts and circumstances.

309 S.W.2d at 833.

In Attorney General Opinion JM-508 it was stated:

> Your sixth question involves the application of article 6626c, V.T.C.S. The provision provides:

> > Section 1. No party shall file for record or have recorded in the official records in the County Clerk's office any map or plat of a subdivision or resubdivision of real estate without first securing approval therefor as may be provided by law, and no party so subdividing or resubdividing any real estate shall use the subdivision's or resubdivision's description in any deed of conveyance or contract of sale delivered to a purchaser unless and until the map and plat of such subdivision or resubdivision shall have been duly authorized as aforesaid and such map and plat thereof has actually been filed for record with the Clerk of the County Court of the county in which the real estate is situated.

> > Sec. 2. Any party violating any provision of Section 1 of this Act shall be guilty of a misdemeanor and upon conviction thereof shall be fined in a sum not less than Ten Dollars ($10.00) nor more than Five Hundred Dollars ($500.00), or confined in the county jail not exceeding ninety (90) days, or both such fine and imprisonment, and each act of violation

> shall constitute a separate offense, and in addition to the above penalties, any violation of the provisions of Section 1 of this Act shall constitute prima facie evidence of an attempt to defraud. (Emphasis added.)

This article was transferred from article 1137h of Vernon's Penal Code by authority of section 5 of Acts 1973, 63rd Leg., ch. 399, at 995, enacting the new Penal Code. A person may be prosecuted under article 6626c, V.T.C.S., in two separate circumstances. First, for the act of recording, and secondly, for the act of selling property making a reference to an unrecorded map or plat. In Attorney General Opinion M-390 (1969), this office held that the second circumstance

> makes a misdemeanor offense of a conveyance by a subdivider where the property description depends for its location upon reference to a subdivision plat which has not been duly authorized as provided by law and/or has not been filed for record. Use of the subdivision description is not cured by additional metes and bounds descriptions, which in themselves must rely upon the unrecorded plat for location of the property on the ground. (Emphasis added.)

We are of the opinion that the answer to your first question depends on the facts and circumstances of the individual case. For example, we believe that it is highly unlikely that the courts would hold that a plat is required where an owner of ranch or farm land in a sparsely populated rural area sold a single tract of land under the scenario you have outlined. Your first question is broad enough to include a division of a tract "into two or more parcels" in a densely populated area near a crowded city resulting in the need of city services and creating problems detrimental to the public interest. The answer to your first question depends upon a factual determination on a case by case basis that is not within the province of this office.

We are of the opinion that a court would look beyond the facade created by the designation "private road" and the absence of any parts of the divided land being dedicated to public use in determining whether the land could be subdivided without compliance of plat approval requirements. The absence of any dedication of land for public use, standing alone, does not dispense with the necessity of complying with plat requirements. Both statutes quoted above refer to

land "intended for public use," not to land "dedicated to public use." Additionally, both statutes refer to land "intended for public use, or the use of purchasers or owners."

We believe this conclusion to be supported by the opinion in City of Weslaco v. Carpenter, where the land owner claimed that his land was being used as a "rental park" and not a "subdivision" and was not subject to the city's extraterritorial jurisdiction. The court stated:

> In arguing that the only issue before us is whether his conduct has created a 'subdivision,' appellee argues that the 'ordinary understanding' of the term 'subdivision' must be construed as requiring the land to be split into at least two different lots which are owned by different people. He states that the purpose of his development is merely to rent spaces rather than to sell lots, and contends that transfer of ownership is needed before a 'one-lot project' can be 'subdivided.' Thus, a mere splitting of title by lease or rent is insufficient to create a 'subdivision.' We find appellee's reasoning overly narrow.

> The normal, common-sense meaning of the term 'subdivision' is expressed in Black's Law Dictionary (5th ed. 1979) as '[d]ivision into smaller parts of the same thing or subject-matter. The division of a lot, tract or parcel of land into two or more lots, tracts, parcels or other divisions of land for sale or development.'

> A similar interpretation was expressed in the case of City of Corpus Christi v. Unitarian Church, 436 S.W.2d 923 (Tex. Civ. App. - Corpus Christi 1968, writ ref'd n.r.e.), [involved city withholding approval of plat filed by church] in which this court considered the following language of Tex. Rev. Civ. Stat. Ann. art. 974a, §1 (Vernon 1963):

> > Hereafter, every owner of any tract of land situated within the corporate limits . . . who may hereafter divide the same in two or more parts for the purpose of laying out any subdivision of any tract of land or any addition to any . . . city, or for laying out suburban lots or building lots, . . . shall cause a plat to be made thereof. . . .

We then stated that:

> The language of Section 1 of Art. 974 is plural and relates to a division of property into parts. The same is true of the City Charter and the applicable provisions of its ordinances. It contemplates subdivision for subdivision development purposes. . . . .
>
> . . . .
>
> [3] The injunction sought by appellant arises not only from proper interpretation of pertinent statutes and ordinances but also as a valid exercise of appellant's police power, which by its very nature involves the regulation of subdivision development 'to prevent the use thereof in a manner that is detrimental to the public interest. The police power may be loosely described as the power of the sovereign to prevent persons under its jurisdiction from conducting themselves or using their property to the detriment of the general welfare.' Dupuy v. City of Waco, 396 S.W.2d 103, n. 3 (Tex. 1965); City of Corpus Christi v. Unitarian Church, 436 S.W.2d at 910. Appellee seeks to provide 128 rental spaces on an 8.17 acre lot. The concomitant need for city services, in addition to the predictable problems generated by such intensive population of the land, justify appellant's use of its police power in protecting the general welfare. See City of Round Rock v. Smith, 687 S.W.2d 300 (Tex. 1985). (Emphasis added.)

694 S.W.2d at 603, 604.

We believe the division of a "tract into two or more tracts" and its sale by "metes and bounds" with "a private road within the land" would suggest to the fact finder that the subdivision is for public use or the use of the purchasers or owners of the land. In light of City of Weslaco v. Carpenter, we find it difficult to believe that a court would not find that completion of plat approval requirements was required under this scenario. See also Gifford v. Planning Board of Nantucket, 383 N.E.2d 1123 (Mass. 1978).

We do not believe that the answer to your third question will be controlled solely on the basis of whether the lands subdivided are adjacent to an existing county road and an absence of roads dedicated

for public use.  In determining the authority of the city in City of Weslaco v. Carpenter, the court carefully considered all the facts and circumstances therein in reaching its opinion.  We believe the resolution of this question depends on a factual determination as pointed out in Attorney General Opinion JM-508.

In your fourth question you inquire about the "authority of the city within its ETJ to require plats for subdivisions where a tract is divided into two or more parcels" and a sale is contemplated "by metes and bounds without dedication of public roads."  We believe our analyses to the previous questions dictate that it is unlikely that a court would hold that it was not within a city's authority to require plats for subdivisions under this scenario.

## S U M M A R Y

Whether an individual divides a tract into two or more parcels for one of the purposes set out in section 2.401 of article 6702-1, V.T.C.S., article 974a, V.T.C.S., or section 2.402 of article 6702-1, V.T.C.S., and can sell same without being required to comply with plat approval requirements is a question of fact this office is not authorized to answer.  While the absence of a dedication of any parts of the divided land to public use is a relevant circumstance, it is our opinion that a court's decision will not turn on the presence or absence of this factor.  The resolution of this issue by the courts will, in our judgment, be governed by the facts and circumstances of each individual case.

Very truly yours

JIM  MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General