

# THE ATTORNEY GENERAL
# OF TEXAS

**JIM MATTOX**
**ATTORNEY GENERAL**

October 6, 1989

Mr. Charles D. Travis
Executive Director
Texas Parks and Wildlife
　Department
4200 Smith School Road
Austin, Texas　78744

Opinion No.　JM-1106

Re:　Validity of a municipal ordinance prohibiting the towing or dragging of nets near a bulkhead　(RQ-1734)

Dear Mr. Travis:

The Village　of Tiki　Island has　adopted an　ordinance prohibiting the　towing　or dragging　of　nets of　any　size behind boats in　certain public waters　that are within　the corporate limits of　the village.　You　state, "It has　been suggested that this　action by the　Village of Tiki　Island, Texas is contrary to　Chapter 77 of　the Parks and　Wildlife Code" and　ask　for　our　opinion on　the　validity　of　the ordinance.　We assume that　your concern focuses on　section 77.041.　Assuming that the　ordinance was adopted in　accordance with law　and that　the waters that　it designates as restricted are　within　the corporate　limits,[1]　we　believe that, on its face, this is a valid ordinance.

You also state that the ordinance was adopted　pursuant to section　31.092 of　the Parks　and Wildlife　Code,　which reads in part as follows:

>　　　(a)　The governing body of an incorporated
> city or town,　with respect　to public　water
> within its　corporate　limits and　all　lakes
> owned　by　it,　may　designate　by　ordinance
> certain areas as bathing, fishing,　swimming,
> or otherwise　restricted areas　and may　make

---

　　　1.　We make this assumption because, while part of　the restricted area is identified as being within the　corporate limits of　the　village, part　is　identified as　"any　area nearer than　three　hundred　(300)　feet　from　any　bulkhead adjacent to　any land　within the　corporate limits　of　the Village."　Village　of　Tiki Island,　Ordinance　No.　4-89-1 (1989).

> rules and regulations relating to the
> operation and equipment of boats which it
> deems necessary for the public safety. The
> rules and regulations shall be consistent
> with this chapter.
>
> . . . .
>
> (d) A copy of all rules and regulations
> adopted under this section shall be summarily
> filed with the department.

Parks & Wild. Code § 31.092.

The ordinance declares that the towing of nets "threatens the safety of recreational and other users of the waters within the corporate limits" and that the prohibition is reasonably "necessary to promote safety within such waters." Of course, the reasonableness of an ordinance is a question of fact, which we cannot resolve in the process of issuing an opinion. See, e.g., John v. State, 577 S.W.2d 483 (Tex. Crim. App. 1979); City of Clute v. Linscomb, 446 S.W.2d 377 (Tex. Civ. App. - Houston [1st Dist.] 1969, no writ); City of Corpus Christi v. Unitarian Church, 436 S.W.2d 923 (Tex. Civ. App. - Corpus Christi 1968, writ ref'd n.r.e.); Sitterle v. Victoria Cold Storage Co., 33 S.W.2d 546 (Tex. Civ. App. - San Antonio 1930, writ dism'd).

We find no conflict between the ordinance and the other provisions of chapter 31. The chapter generally relates to water safety, i.e., identification and registration of motorboats (subchapter B), required safety equipment (subchapter C), prohibitions on dangerous boating activity (subchapter D), and enforcement and penalty provisions (subchapter E). We believe that the ordinance conforms, at least on its face, to section 31.092(a): finding it necessary for the public safety, the governing body of an incorporated town has enacted an ordinance, with respect to public water within its corporate limits, designating certain areas as "otherwise restricted."

Nor do we believe that the ordinance conflicts with section 77.041. Chapter 77 generally regulates the possession, catching, weighing and sale of shrimp, including restrictions on the size of nets and the size of the mesh. Section 77.041 provides general authorization to use equipment on licensed commercial shrimp boats, as follows:

> All shrimp trawls and fishing gear, except
> fishnets or seines, with which a boat having
> a commercial shrimp boat license issued under

> this subchapter is equipped may be used <u>unless the use is otherwise prohibited by law</u>. (Emphasis added.)

Parks & Wild. Code § 77.041.

Webster's New Collegiate Dictionary defines "trawl," when used as a noun, as "a large conical net dragged along the sea bottom in gathering fish or other marine life."

While granting general authority to use trawls or nets on licensed shrimp boats, the legislature chose to except use that is "otherwise prohibited by law." The legislature could have excepted use that is otherwise prohibited by "this chapter," "this title," or "this code." See <u>City of Stamford v. Ballard</u>, 345 S.W.2d 596, 600 (Tex. Civ. App. - Eastland 1960, no writ) (legislature could have prohibited other burdens rather than other "like burdens"). By using the general term, "law," the legislature clearly intended to except use prohibited by any law, including a municipal ordinance enacted under the authority granted in section 31.092(a). See <u>Choice v. City of Dallas</u>, 210 S.W. 753 (Tex. Civ. App. - Amarillo 1919, no writ). On the basis of the information furnished us, the particular ordinance in question is not in conflict with section 77.041 of the Parks and Wildlife Code. We do not reach any constitutional issue here.

## S U M M A R Y

The Village of Tiki Island is authorized to enact an ordinance prohibiting the towing of nets in certain areas of public water within the corporate limits of the village.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General