Mr. Charles D. Travis Executive Director Texas Parks and Wildlife Department 4200 Smith School Road Austin, Texas 78744
Re: Validity of a municipal ordinance prohibiting the towing or dragging of nets near a bulkhead (RQ-1734)
Dear Mr. Travis:
The Village of Tiki Island has adopted an ordinance prohibiting the towing or dragging of nets of any size behind boats in certain public waters that are within the corporate limits of the village. You state, "It has been suggested that this action by the Village of Tiki Island, Texas is contrary to Chapter 77 of the Parks and Wildlife Code" and ask for our opinion on the validity of the ordinance. We assume that your concern focuses on section 77.041. Assuming that the ordinance was adopted in accordance with law and that the waters that it designates as restricted are within the corporate limits,[1] we believe that, on its face, this is a valid ordinance.
You also state that the ordinance was adopted pursuant to section31.092 of the Parks and Wildlife Code, which reads in part as follows:
 (a) The governing body of an incorporated city or town, with respect to public water within its corporate limits and all lakes owned by it, may designate by ordinance certain areas as bathing, fishing, swimming, or otherwise restricted areas and may make rules and regulations relating to the operation and equipment of boats which it deems necessary for the public safety. The rules and regulations shall be consistent with this chapter.
. . . .
 (d) A copy of all rules and regulations adopted under this section shall be summarily filed with the department.
Parks Wild. Code § 31.092.
The ordinance declares that the towing of nets "threatens the safety of recreational and other users of the waters within the corporate limits" and that the prohibition is reasonably "necessary to promote safety within such waters." Of course, the reasonableness of an ordinance is a question of fact, which we cannot resolve in the process of issuing an opinion. See, e.g., John v. State, 577 S.W.2d 483 (Tex.Crim.App. 1979); City of Clute v. Linscomb, 446 S.W.2d 377 (Tex.Civ.App.-Houston [1st Dist.] 1969, no writ); City of Corpus Christi v. Unitarian Church,436 S.W.2d 923 (Tex.Civ.App.-Corpus Christi 1968, writ ref'd n.r.e.); Sitterle v. Victoria Cold Storage Co., 33 S.W.2d 546
(Tex.Civ.App.-San Antonio 1930, writ dism'd).
We find no conflict between the ordinance and the other provisions of chapter 31. The chapter generally relates to water safety, i.e., identification and registration of motorboats (subchapter B), required safety equipment (subchapter C), prohibitions on dangerous boating activity (subchapter D), and enforcement and penalty provisions (subchapter E). We believe that the ordinance conforms, at least on its face, to section 31.092(a): finding it necessary for the public safety, the governing body of an incorporated town has enacted an ordinance, with respect to public water within its corporate limits, designating certain areas as "otherwise restricted."
Nor do we believe that the ordinance conflicts with section 77.041. Chapter 77 generally regulates the possession, catching, weighing and sale of shrimp, including restrictions on the size of nets and the size of the mesh. Section 77.041 provides general authorization to use equipment on licensed commercial shrimp boats, as follows:
 All shrimp trawls and fishing gear, except fishnets or seines, with which a boat having a commercial shrimp boat license issued under this subchapter is equipped may be used unless the use is otherwise prohibited by law. (Emphasis added.)
Parks Wild. Code § 77.041.
Webster's New Collegiate Dictionary defines "trawl," when used as a noun, as "a large conical net dragged along the sea bottom in gathering fish or other marine life."
While granting general authority to use trawls or nets on licensed shrimp boats, the legislature chose to except use that is "otherwise prohibited by law." The legislature could have excepted use that is otherwise prohibited by "this chapter," "this title," or "this code." See City of Stamford v. Ballard,345 S.W.2d 596, 600 (Tex.Civ.App.-Eastland 1960, no writ) (legislature could have prohibited other burdens rather than other "like burdens"). By using the general term, "law," the legislature clearly intended to except use prohibited by any law, including a municipal ordinance enacted under the authority granted in section 31.092(a). See Choice v. City of Dallas,210 S.W. 753 (Tex.Civ.App.-Amarillo 1919, no writ). On the basis of the information furnished us, the particular ordinance in question is not in conflict with section 77.041 of the Parks and Wildlife Code. We do not reach any constitutional issue here.
 SUMMARY
The Village of Tiki Island is authorized to enact an ordinance prohibiting the towing of nets in certain areas of public water within the corporate limits of the village.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Karen C. Gladney Assistant Attorney General
[1] We make this assumption because, while part of the restricted area is identified as being within the corporate limits of the village, part is identified as "any area nearer than three hundred (300) feet from any bulkhead adjacent to any land within the corporate limits of the Village." Village of Tiki Island, Ordinance No. 4-89-1 (1989).