TREVIÑO & GONZALEZ CO., Appellant,

v.

R.F. MULLER CO. and the City
of Laredo, Appellee.

No. 04–96–00801–CV.

Court of Appeals of Texas,
San Antonio.

May 30, 1997.

Sharon Trigo, Laredo, for Appellant.

Albert F. Muller, III, Albert F. Muller, III, P.C., Laredo, R. Stephen McNally, Law Offices of R. Stephen McNally, Austin, Jerry Bruce Cain, Acting City Attorney, Laredo, for Appellees.

Before RICKHOFF, LOPEZ and ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

This is an appeal from a judgment in favor of appellees, R.F. Muller Co. and the City of Laredo, in a breach of contract case. In one point of error, appellant contends that the trial court erred in failing to rule in its favor. We affirm.

### Factual and Procedural Background

Appellant, the Treviño & Gonzalez Company, operates its place of business on a plat of property that abuts a street over which the City of Laredo has a utility easement. The present suit was brought by appellant to recover damages caused by the removal of shrubbery and a concrete overlay appellant had built over the easement which was removed when appellee, the R.F. Muller Company, installed a sewer line within the utility easement. The Muller Company installed a sewer line pursuant to a construction permit issued by appellee, the City of Laredo, which provides that Muller Company is responsible for restoring the work site to its original condition.

Appellant contends that Muller Company never repaired the damaged shrubbery and concrete next to its property. Appellant further contends that the construction permit issued by the City of Laredo operates as a contract between the city and Muller Company to which appellant is a third party beneficiary. Accordingly, appellant sued both the City of Laredo and Muller Company for the damages it incurred as a result of the breach of contract.

The record reflects that Muller Company filed a motion for judgment with a supporting brief attached, the City of Laredo filed a trial brief which adopted the arguments and assertions contained in Muller Company's motion for judgment, and appellant filed a response to the motion for judgment. The issue in dispute was whether a construction permit constitutes a contract between the issuing city and the permittee. On August 12, 1996, the trial court entered its final judgment, stating that the case was called to trial on July 2, 1996, all parties appeared

with counsel and announced ready, the parties submitted all matters in controversy, and the court read the briefs of counsel. The trial court then rendered judgment in favor of R.F. Muller Company and the City of Laredo.

## Argument and Authority

### A. Standard of Review

In its sole point of error, appellant argues that the trial court committed reversible error in refusing to find that the facts justified a judgment in its favor. Appellant contends that the case was decided on an agreed stipulation of facts. However, appellees point out that there is no such stipulation in the record and findings of fact were neither requested nor filed. Further, the appellate record contains no statement of facts from the bench trial.

■ The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal. TEX. R .APP. P. 50(d); *Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990). In a non-jury trial, where no findings of fact or conclusions of law are filed or requested, and no statement of facts is included in the record, it is generally implied that all facts necessary to support the judgment have been found. *Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex.1989); *Guthrie v. Nat'l Homes Corp.,* 394 S.W.2d 494, 495 (Tex.1965); *Bard v. Frank B. Hall & Co.,* 767 S.W.2d 839, 845 (Tex.App.—San Antonio 1989, writ denied). In such circumstances, the appellant is entitled to reversal only where fundamental error is presented. W. Wendell Hall, *Revisiting Standards of Review in Civil Appeals,* 24 ST. MARY'S L.J. 1045, 1047–48 (1993).

■ Under Texas Rule of Civil Procedure 263, however, parties to a lawsuit may submit matters in controversy to the court upon an agreed statement of facts. In such a case, no evidence is admitted or considered by the trial court and the trial court's decision is based upon the papers on file and the arguments of counsel. The judgment rendered on the agreed facts constitutes the record of the cause. TEX.R. CIV. P. 263. Therefore, even without findings of fact or a statement of facts, we indulge no presumptions in favor of the judgment in such a case because the trial court had no factual issues to resolve. *Otis Elevator Co. v. Parmelee,* 850 S.W.2d 179, 181 (Tex.1993); *State Farm Lloyds v. Kessler,* 932 S.W.2d 732, 735 (Tex. App.—Fort Worth 1996, writ filed); *Cadle Co. v. Castle,* 913 S.W.2d 627, 633 (Tex. App.—Dallas 1995, writ denied).

■ Rule 263 requires that the parties submit the agreed statement to the clerk and that the court certify it. However, even when the parties fail to conform to the technical requirements of the rule, an appellate court may treat the case as one involving an agreed statement of facts under rule 263 if the record indicates that the trial court heard the case on stipulated facts. *See Kessler,* 932 S.W.2d at 736 (finding no statement of facts necessary for review where order stated that the court considered only the motion before it, the attached exhibits, the brief in response, and the arguments of counsel); *Lambda Const. Co. v. Chamberlin Waterproofing and Roofing Sys.,* 784 S.W.2d 122, 125 (Tex.App.—Austin 1990, writ denied) (holding case tried on stipulated facts where order indicated that the parties agreed during telephone hearing with the court that no material issue of fact existed).

■ In the present case, the trial court's final judgment provides that: "The parties submitted all matters in controversy to the court which were only legal since the parties had no factual dispute." Accordingly, the record reflects that the case was tried on stipulated facts, and our only task is to determine whether the trial court properly applied the law to the facts contained in the record. *Parmelee,* 850 S.W.2d at 181; *Kessler,* 932 S.W.2d at 735.

### B. Merits of the Case

■ Appellant contends that the construction permit issued to Muller Company by the City of Laredo constituted a contract between the city and Muller Company to which appellant is a third party beneficiary. It is undisputed that the permit required Muller Company to return the premises to their original condition after construction. Ac-

cording to appellant, Muller Company failed to do so, and the City of Laredo failed to force them to do so. Therefore, according to appellant, both parties are liable for the damages sustained by appellant as a result of the breach of contract.

■ The dispositive inquiry in this case is whether the issuance of a construction or building permit constitutes a contract between the issuing municipality and the individual receiving the permit. We hold that it does not, and appellant has cited no authority that indicates otherwise.

■ "The granting of a building permit is a governmental function." *City of Corpus Christi v. Unitarian Church of Corpus Christi*, 436 S.W.2d 923, 927 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n.r.e.); *see* TEX. TRANS. CODE ANN. § 316.008 (Vernon 1997). As such, the issuing municipality has the power to impose restrictions and to revoke such a permit in the interest of the public health, morals, safety or welfare. *See Leach v. Coleman*, 188 S.W.2d 220, 225 (Tex. Civ.App.—Austin 1945, writ dism'd); TEX. TRANS. CODE ANN. § 316.004 (Vernon 1997). However, where all of the requirements for the permit have been fulfilled, the government has no discretion in issuing the permit. *City of Corpus Christi*, 436 S.W.2d at 927.

■ These characteristics prevent a permit from being considered the equivalent of a contract. While the terms of a permit may be summarily changed, modified, or revoked by the issuer, the terms of a contract are binding and may not be altered or revoked absent the mutual agreement of the parties. Similarly, while the issuing municipality unilaterally establishes by ordinance the terms to be met in qualifying for a permit, the parties to a contract mutually agree to its terms. Also, a fundamental element of a contract is consideration. In the case of a building permit, the issuing municipality must issue a permit where the requesting party meets all of the requirements determined by ordinance to be necessary to its issuance. The discharge of a duty one is already bound to perform is not consideration. *Martens v. Prairie Producing Co.*, 668 S.W.2d 889, 891 (Tex.App.—Houston [14th Dist.] 1984, no writ). Accordingly, where the issuing municipality is required to issue a building permit to any qualifying applicant, no consideration has been exchanged for the permit.

■ In fact, when a building permit is issued, none of the elements of a contract are present. There is no offer, no acceptance, and no consideration. A building permit is simply a revocable and alterable license authorizing construction. Its purpose is to ensure that appropriate buildings are constructed in a manner and means approved by the municipality. The application for an issuance of a building permit does not constitute a voluntary agreement between the parties to enter into binding contract.

Because the construction permit in question does not operate as a contract between the City of Laredo and Muller Company, appellant has alleged no viable cause of action against the appellees. Where there is no contract, there can be no breach of contract and, likewise, there can be no third party beneficiary. Accordingly, the trial court did not err in entering judgment for the appellees on appellant's breach of contract claim. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.