NO. 12-01-00161-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS



GAMBLING PARAPHERNALIA

DEVICES, EQUIPMENT,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS







 Appellant Pamela Matheson ("Matheson") appeals from an order of forfeiture entered on
March 26, 2001. In one issue, Matheson contends that the trial court erred in denying her request
for a jury trial. We affirm.


Background


 On March 7, 2000, officers from the Henderson County Sheriff's Department seized fifteen
video machines commonly known as "eight-liners," approximately $700 in cash, and 119 Wal-Mart
gift certificates from a business known as "Pam's Place" operated by Matheson in Payne Springs,
Henderson County, Texas. All items were seized pursuant to a search warrant.

 On October 24, 2000, the State of Texas ("the State") filed a Motion for Forfeiture of
Gambling Devices, Equipment, Proceeds and Paraphernalia ("the State's motion"), seeking forfeiture
of the seized items pursuant to article 18.18, sections (b) and (f), of the Texas Code of Criminal
Procedure. (1) According to an entry dated October 24, 2000 on the trial court's docket sheet, a show
cause hearing was set for November 30, 2000. Matheson filed a jury demand on November 7, 2000
and an answer to the State's motion on November 9, 2000. Although the docket sheet indicates that
Matheson also paid the jury fee, the date of payment is not stated in the record.

 The case was called for hearing on November 30, 2000, and Matheson again requested a jury
trial. However, the State contended that the language of article 18.18 requires the magistrate to
conduct the hearing without a jury. Based on the State's interpretation of the statute, the trial court
denied Matheson's request. The trial court then informed the parties that the hearing on the merits
would be delayed for at least several hours and possibly reset to allow the trial court sufficient time
to hear a matter that had been previously scheduled. The attorney for the State replied that the
parties had prepared an agreed set of facts and suggested that they could eliminate the need for a
hearing by filing their agreement and submitting briefs containing their arguments. Matheson's
counsel stated that he had "a few additional things" to add to the record, and the trial court continued
the proceeding to allow the attorneys time for further discussion. 

 The trial court reconvened the proceeding later that day, and the parties filed an Agreed
Stipulation of Evidence (2) and a First Amended Agreed Stipulation of Evidence ("the stipulation"). 
The stipulation contained twenty-six statements of agreed evidence and facts of the case, including
a description of the physical evidence to be offered at the time the stipulation was filed. The trial
court accepted the stipulation and admitted the physical evidence, which was primarily photographs
or photocopies of the seized items. The briefs were filed according to an agreed schedule, and the
trial court entered an order of forfeiture on March 26, 2001. This appeal followed.


Right to a Jury Trial


 In one issue, Matheson contends that the right to a jury trial guaranteed by article I, section
15 and article V, section 10 of the Texas Constitution extends to a forfeiture proceeding authorized
by article 18.18. Based upon that premise, Matheson argues that she is entitled to a jury trial because
(1) she filed her jury demand and paid the appropriate jury fee, and (2) "there were fact questions,
such as were these games of chance, were these gambling devices, did the games exceed the
provisions of Section 47.01(4)(b) of the Texas Penal Code." In response to Matheson's argument,
the State first asserts that Matheson's jury demand was untimely. 

 Rule 33.1 of the Texas Rules of Appellate Procedure provides that to preserve a complaint
for appellate review, a party must make a timely, specific request, objection, or motion to the trial
court. Tex. R. App. P. 33.1(a)(1). Further, the complaint on appeal must be the same as that
presented in the trial court. Rogers v. Stell, 835 S.W.2d 100, 101 (Tex. 1992). 

 In our review of the record, we note that at the show cause hearing, the trial court asked
Matheson's attorney, Hayward Rigano, if the jury demand was timely filed. In response, Matheson's
attorney pointed out that the jury demand was filed on November 8, which was less than thirty days
before the show cause hearing, but contended the demand was filed as soon as he had an opportunity
to "learn where the case was."

 When the State's attorney was asked by the trial court whether he had "any problem with
that," the following colloquy occurred: 


 Mr. Lewis (State's attorney): Well, Your Honor, first, the State's response would be that in an 1818
[sic] proceeding, it provides that the hearing will be before the Magistrate
that signed the warrant.


 The Court: Oh, it doesn't say anything about a jury?


 Mr. Lewis: [reading from article 18.18(f)] "And the Magistrate shall hear and make determinations
concerning the property."


 The Court: Uh-huh.


 Mr. Lewis: The other thing is Mr. Rigano and I have, over the past couple of weeks, have been working
on a Proposed Set of Agreed Facts, which we've signed off on and we would be presenting
to the Court so that, you know, there really wouldn't be any testimony -


 The Court: But if the statute -


 Mr. Lewis: - before the jury.


 The Court: If the statute doesn't provide for a jury trial, I'm going to overrule that.


 In the above-quoted exchange, the State did not inform the trial court that it considered
Matheson's jury demand untimely, despite the trial court's specific inquiry. Further, we find no
other discussion of the issue in the record nor do we find that the State lodged any objections to
Matheson's jury demand other than those quoted above. Consequently, the State failed to preserve
the issue for appeal. Id.

 The State next asserts that the constitutional provisions Matheson cites are inapplicable to
the case at hand and that the language of article 18.18 precludes a jury trial. Therefore, according
to the State, the trial judge did not err in denying Matheson's jury request. In the alternative, the
State argues that even if its interpretation of article 18.18 is erroneous and Matheson was entitled
to a jury trial, the stipulation resolves all material issues of fact necessary for it to prevail on its
motion for forfeiture. As a result, the State asserts that any error committed by the trial court is
harmless. (3) See Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d 664, 667 (Tex. 1996) (denial
of jury trial always harmful unless no material issues of fact and trial court could have granted
instructed verdict). After reviewing the record, we agree that even if we assume Matheson's
interpretation of article 18.18 is correct, the stipulation resolved all material issues of fact and
nothing remained for determination by a jury. 

 As previously discussed, the items seized from Pam's Place include video machines, cash,
and Wal-Mart gift certificates. In its motion for forfeiture, the State alleged that the items seized
from Pam's Place were gambling devices, equipment, proceeds, or paraphernalia. To avoid
forfeiture, Matheson was required to prove by a preponderance of the evidence that the seized items
were not within any of the categories alleged by the State and that she was entitled to possession. 
Tex. Code Crim. Proc. art. 18.18(f).

 Rule 263 of the Texas Rules of Civil Procedure allows the submission of a case on agreed
facts. (4) We note, however, that the trial court did not sign the stipulation and certify that it was
correct as required by rule 263. Notwithstanding this technical noncompliance with the rule, the
following factors convince us the case was submitted as an agreed case:



 
 Both attorneys represented to the trial court that they had an agreed set of facts to submit to the trial
court.

 The trial court stated on the record that the stipulation was filed in accordance with the rule that "you
can file a written stipulation" and that the stipulation was filed "in accordance with the Rules of Civil
Procedure."

 The trial court entered a written order accepting the stipulation and stating that the stipulation
contained facts that are not in dispute.

 No evidence other than the stipulation and the exhibits described in the stipulation was admitted or
considered by the trial court. 

 The stipulation states that the legality of the seized items is a legal conclusion to be made by the trial
court after considering the stipulated evidence and facts. (5)

 The stipulation includes all of the ultimate facts essential to determining whether the seized items can
be properly classified as gambling devices, equipment, proceeds, or paraphernalia. 
 



We therefore treat the case as one submitted on an agreed statement of facts, despite noncompliance
with the technical requirements of the rule. Trevino & Gonzalez Co. v. R. F. Muller Co., 949
S.W.2d 39, 41 (Tex. App.- San Antonio 1997, no writ); Perry v. Aetna Life Ins. Co. of Conn., 380
S.W.2d 868, 876 (Tex. Civ. App.- Tyler 1964, writ ref'd n.r.e.). 

 When a case is submitted as an agreed case under rule 263, the stipulations are binding upon
the parties, the trial court, and the reviewing court. (6) Jim Sowell Constr. Co. v. Dallas Cent.
Appraisal Dist., 900 S.W.2d 82, 84 (Tex. App.- Dallas 1995, writ denied). By including all ultimate
facts in the stipulation, the parties placed those facts "beyond the need for adjudication." Perry, 380
S.W.2d at 876. As a result, no fact issues remained for the jury, and therefore the trial court's error,
if any, in denying Matheson's request for a jury was harmless. Accordingly, we overrule Matheson's
sole issue. (7)

 The judgment of the trial court is affirmed.

 LEONARD DAVIS 

 Chief Justice


Opinion delivered May 14, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.




(DO NOT PUBLISH)


1. Article 18.18, which governs the disposition of gambling paraphernalia and other contraband, provides as

 follows:


 (b) If there is no prosecution or conviction following seizure, the magistrate to whom the return was
made shall notify in writing the person found in possession of the alleged gambling device or
equipment, . . . gambling paraphernalia, [and] gambling proceeds . . . to show cause why the property
seized should not be destroyed or the proceeds forfeited. . . . A law enforcement agency shall make
a motion under this section in a timely manner after the time at which the agency is informed in writing
by the attorney representing the state that no prosecution will arise from the seizure.


. . .


 (f) If a person timely appears to show cause why the property or proceeds should not be destroyed or
forfeited, the magistrate shall conduct a hearing on the issue and determine the nature of property or
proceeds and the person's interest therein. Unless the person proves by a preponderance of the
evidence that the property or proceeds is not gambling equipment, . . . gambling paraphernalia,
gambling device, [or] gambling proceeds . . . and that he is entitled to possession, the magistrate shall
dispose of the property or proceeds in accordance with Paragraph (a) of this article.


Tex. Code Crim. Proc. art. 18.18(b), (f) (Vernon Supp. 2002).


 
2. The Agreed Stipulation of Evidence was filed with the papers in the cause, but was not acted upon by the trial
court.
3. Matheson contends that she is entitled to a jury trial because the disposition of the State's motion depended
upon the resolution of various fact issues. However, Matheson does not address the effect of the stipulated evidence nor
does she identify any fact issues that remained after the trial court accepted the stipulations.
4. Rule 263 provides as follows:


 Parties may submit matters in controversy to the court upon an agreed statement of facts filed
with the clerk, upon which judgment shall be rendered as in other cases; and such agreed statement
signed and certified by the court to be correct and the judgment rendered thereon shall constitute the
record of the cause.


Tex. R. Civ. P. 263.
5. Matheson does not contend that the trial court improperly applied the law to the stipulated facts. Therefore,
we do not review the trial court's determination that the seized property is gambling paraphernalia, devices, proceeds,
and equipment. See Tex. Pen. Code Ann. § 47.01(4), (6) (Vernon Supp. 2002) (definitions of "gambling device" and
"gambling paraphernalia").
6. Matheson does not assert that she entered into the stipulation as a result of the trial court's denial of her jury
request. In fact, the record reveals that the State's attorney informed the trial court, without objection and prior to the
ruling on Matheson's jury request, that he and Matheson's attorney had been working on a proposed set of stipulated
facts for approximately two weeks preceding the hearing date and that no testimony would be offered at the hearing. 
7. Because we conclude that any error by the trial court was harmless, we do not address Matheson's argument
that the Texas Constitution permits a jury trial in a forfeiture proceeding initiated under article 18.18. Tex. R. App. P.
47.1.