Opinion issued October 30, 2003












  
 

In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00205-CV
____________
 
CITIES OF FRIENDSWOOD, LEAGUE CITY,
AND DICKINSON, TEXAS, Appellants
 
V.
 
SANDRA ADAIR, RUTH AUBUCHON, ROY BAILEY, STEVEN AND
LYNETTE BAKER, CARL BARNETT, JAMES BARNETT, SR., JANICE
AND JOSEPH BARNETT, NATHAN AND LAURA BARNETT, NEIL G.
BARON, EDWARD AND MARTHA BARTHOLMEY, JOHN AND GERRY
BARTLETT, WAYNE AND JANET BAZEMORE, JANET L. BECICH,
DONALD BENARD, JIMMY AND ROXIE BERRY, GLADYS BIMAGE,
KATRINA BIMAGE, JIMMY RAY BISHOP, SR., DEBORAH AND
DANIEL BLY, DENNIS AND MARIA BOATRIGHT, LEO BOOKMAN,
THEOPHILUS AND JACQUELYN BOYCE, LOIS BRADLEY, LUNA
BRADLEY, JOSEPHINE BRAGGS, BRAD AND CELIA BRAHM, PENCIE
BREWINGTON, ODELL BROOM, EMILY BROWN, JOHN AND
MARTHA BURMESTER, DON AND MILLICENT BURNS, JACQULYN
CAGE, SCOTT AND MELINDA CAMPBELL, RICKY A. CAPPEL, JOHN
AND O. LYDIA CASTILLO, LEOPOLDO AND DIANNA CASTILLO, JOE
AND SYLVIA CERDA, PAMELA CHARLES, SIGRID CLARK, JAMES
COKER, THOMAS CONES, BARBARA WHITE COOPER, ODELL AND
BOBBIE COOPER, RAYMOND AND EDITH COX, FELICIANO AND
TEODORA CRUZ, ELEFTERIOS AND VELDA CUCLIS, SALLY AND
DON CUMMINGS, VERLENE CUMMINGS, ROBIN CUNNINGHAM,
LINDA CURL, AGATHA CURRIE, DAVID DADY, EVERETT AND MARY
DARDEN, ANITRA DAVIDSON, DARRELL AND ANITA DAVIS, COY A.
DEAN, AVA LEE DEATS, ALLEN AND LILLIAN DENNEY, DON AND
SUZANNE DENSON, MIKE AND NITA DUFFEY, RICHARD AND
LILLIAN EASLEY, JOHN AND AGNES ECK, RAYMOND EDWARD,
DEAN AND CAROL ENDSLEY, LOUISE K. EVANS, LARESA EVANS,
BRETT FARMER, CHARLES AND ROSALIND FARMER, PEGGY
JOYCE FARMER, GLORIA M. AND THOMAS T. FISHER, JAMES AND
MERIDETH FISHER, ESTATE OF JOAN FOX, JOHN FRAZIER, RALPH
FRAZIER, OLA FREEMAN, SHERMAN GENTRY, DANIEL AND MARY
GOAN, EDWARD GOFFNEY, GEORGE AND IRENE GOFFNEY, SR.,
GERALD GOFFNEY, ARMANDO AND BEA GONZALES, GREATER
NEW HOPE MISSIONARY BAPTIST CHURCH, JAMES AND SUSAN
GREEN, DAVID AND MARY GUERRA, HAMILTON GUYTON, JR.,
KEITH AND JANICE GUYTON, JOSEPH AND JOANN HAGLER,
RHONDA HALILI, GLADYS HALL, GLADYS E. HALL, JAMES AND
WILMA HALL, PAULA HARRIS, RONALD AND JANIE HARTIS, PERRY
HATCH, LOIS HEIGHT, DOROTHY HENDERSON ESTATE, RAYMOND
AND JANET HENRIKSEN, AUDREY J. HILL, CORLISS HILL, DELMA
HILL, AARON L. AND JOYCE HOBBS, THELMA HOBBS, FRANCES
HODGE, MILTON AND FAY HOGG, DARLENE HOLMES, BEATRICE
HUFSTETLER, CAROL INA, STAFFON ISAAC, KIRK A. JACKSON,
WALTER E. JACKSON, JAMES AND FRANCINE JACKS, MARIE
JAMISON, JOHN M. JEFFORDS, KATHERINE JEFFERSON, JAMES
AND BRENDA JENKINS, OLIVER JENKINS, OTIS JENKINS, PONCE DE
LEON JENKINS, RONALD C. JENKINS, THELMA JENKINS,
MALCOLM AND LOIS JENNINGS, JOHN D. AND LILLIE D. JOHNSON,
JOYCE JOHNSON, VAN JOHNSON, JOHN P. AND SUSANNE R.
JOHNSTON, FORESTINE JONES, GENEVA JONES, JOE L. JONES,
LINDA G. JONES, MAXINE JONES, RETHA HOBBS KING, GARY AND
LINDA KIRKLAND, KAREN KLOCK, RUSSEL AND MARILYN KNAPP,
SCOTT AND LANA KOERBER, TOM AND ELIZABETH KWARTENG-AMANING, SOPHIA LAMB, ALCIDE AND PEARL LEE, LANEY AND
JOHNNIE LEE, MAVIS N. LEE, JAMES LITTLE, MYRTLE LEE LITTLE,
VIRGIL LITTLE, SR., CHERYL ANNE LITTON, DORIS LOVINGS,
CHARLES AND MILDRED LYMUEL, TERI LYMUEL, JACK C.
MADDOX, DENNIS AND CARLA MALONE, BETH MARTIN, STELLA
MARTIN, MORRIS AND MARY MASON, REBECCA J. MASON,
ROBERT AND LINDA MASON, DIANA MASTERS, JACOB AND
DANIELLE MATHEWS, GEORGE AND MARGARET MATHEWS,
THOMAS J. MCCORMICK, PAUL AND MARIA MCCORRY, RAYMOND
AND YOLANDA MEDINA, PATRICIA ANN MILLS, MARY MIXON, B.
MOODY, BARBARA MOONEY, LARRY AND MICHELLE MOORE,
CARLTON MORGAN, FREDDIE MORGAN, DEWEY AND SHIRLEY
MORRIS, JANET LEE MORRIS, MT. OLIVET BAPTIST CHURCH, D. R.
MURPHREE FAMILY TRUST, ESTELLE MURPHY, JAMES RUSSELL
NALEPA, JESSE AND IRENE NAVARRO, ESTELLE MURPHY O’NEAL,
MARGARET OSBORN, RICHARD AND KIMBERLEY OLMOS, WILL
THOMAS PALMER, DAVID AND ANNA PAYNE, JERRI PENDLETON,
CHRISTINE PETERSON, DOYLE PETERSON, BILL AND ROWENA
PORTER, JUAN AND WILMA PRADO, DEBRA AND JOHNNY LEE
PRAYLOR, EDNA PRAYLOR, WALTER AND PAMELA PRESLEY,
JOYCE PRICE, WILLIAM H. PRICE, SR., KATHY AND MICHAEL
PROTHRO, JACQUELIN PRUDEN, SERGIO AND GISELLE QUINTERO,
TED E. AND NORMA J. RAMIREZ, TASHONDA RANDLE, JESSE AND
DENICE RENDON, JOHN REISTINO, KAREN REMMERT,
CHARLOTTE RHODES, JANETH RHODES, JAMES AND CAMILLE
RHONE, CRUZ RIVERA, JAMES N. ROACH, WILBERT AND ROSIE
ROBINSON, GARY DWAYNE RODGERS, MANUEL AND ESTHER
RODRIGUEZ, GERTRUDE ROLLINS, ALAN AND SHARON ROWSEY,
FRANCISCO R. RUIZ AND ROSA E., DAVID SACK, BARTON C.
SCHINDLER AS LEGAL REPESENTATIVE FOR MAURICE S.
SCHINDLER, PATRICIA A. SCHWALENBERG, JACK AND DIANE
SCHWARTZ, LISA SEGOVIA, PREM K. AND NITINA SEHGAL, ELNITA
SIMMONS, CHARLES AND GWENDOLYN SIMMONS, SR., LURA
SKEEL, MARGARET SLATER, DARREN W. SMITH, SHIRLEY AND
CARL SMITH, JEFF SMYERS, SHARON SPATES, KATHY D. SPELLS,
ST. JAMES A.M.E. CHURCH, JODY STARR, HAROLD AND VIRGINIA
STEPHENSON, ANTOINETTE AND OLIVER STEWART, JOHNNY AND
SHARON STOUT, WAYNE AND PATRICIA STRELSKY, ELLIOT W.
AND BRENDA STURMAN, MARLA SURFACE, JANE SURMAN, GRACE
TALAS, GERALD E. TAYLOR III, MICHAEL AND SUSAN TAYLOR,
ROBERT D. AND DIANA A. TAYLOR, JANET THOMPSON, ARTHUR
AND VIRGINIA TIJERINA, TONY TRAINER, GIL AND CARROLL
VALDEZ, EDWARD AND GLINDA VAN MALDEN, DONALD AND JULIE
VAUGHAN, TERRY AND CINDY VAUGHN, BARBARA WALKER, ETTA
WARNER, JUANITA WARREN, LEON AND NELVA WASHINGTON,
MICHAEL AND RHONDA WATKINS, ALICIA AND MILTON WADE
WHITE, BABE WHITE, JR., CHRISTINA WHITLOCK, ALSACE L.
WILLIAMS, BENNIE WILLIAMS, DAISY WILLIAMS, DAVID AND
MIRIAM WILLIAMS, LILLIE WILLIAMS, LUCINDA WILLIAMS,
WILLIE AND CHARLOTTE WILLIAMS, WINSTON AND ERNESTINE
WILLIAMS, SHARYN WILLIS, GISELE WILSON, PATRICIA WILSON,
MARGARET WITHERSPOON, ELNORA WOODS, ROSEMARY YOUNG,
WILLIE MAE YOUNG, Appellees



 

 
 
On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 01CV1068
 

 
 
MEMORANDUM OPINION 
          In this interlocutory appeal,


 appellants, the cities of Friendswood, League City
and Dickinson, Texas (collectively “the Cities”), contend that the trial court erred in
denying their plea to the jurisdiction because the Cities are immune from the
negligence/gross negligence, nuisance, and constructive fraud claims. We reverse the
order of the trial court and render judgment that plaintiffs’ causes of action against
the Cities are dismissed. Tex. R. App. P. 43.2.
          Factual and Procedural Background
          The Cities issued permits to EOG Resources, Inc. to conduct seismic testing
for oil and gas within their city limits. Pursuant to the permits, EOG began
conducting a 3-D seismic survey with the use of energy sources such as vibroseis
(creating vibrations with the use of specially designed trucks) and dynoseis (creating
vibrations with charges of dynamite) near the area around the appellees’ homes. 
Following the completion of testing, the appellees claimed that they began to notice
damage to their homes and property that in turn caused them mental anguish. 
          The appellees sued Enron Corp., EOG, Veritas DGC Land Inc., Ameridian
Technologies, Inc., St. Paul Fire & Marine Insurance Co., and J. Nichols & Company,
L.L.C. for their involvement in the seismic testing, and they sued the Cities that
issued the permits authorizing the testing. The Cities filed a plea to the jurisdiction
asserting governmental immunity because the Cities “had no involvement in the
seismic testing activity and the issuance of the permits was a governmental function.” 
The trial court denied the plea. 
Plea to the Jurisdiction
          In four points of error, the Cities argue that the trial court erred in denying their
plea to the jurisdiction because the Cities were immune from the appellees’ nuisance,
negligence/gross negligence, and constructive fraud claims.



Standard of Review
          Subject-matter jurisdiction is essential to the authority of a court to decide a
case. Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). 
A plaintiff bears the burden of alleging facts affirmatively showing that the trial court
has subject-matter jurisdiction. Id. at 446. “The absence of subject-matter
jurisdiction may be raised by a plea to the jurisdiction, as well as by other procedural
vehicles, such as a motion for summary judgment.” Bland Indep. Sch. Dist. v. Blue,
34 S.W.3d 547, 554 (Tex. 2000). Here, we review the Cities’ challenge to the trial
court’s subject-matter jurisdiction through a plea to the jurisdiction.



          Whether a trial court has subject-matter jurisdiction is a question of law and is
reviewed de novo. Mayhew v. Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). When
conducting a de novo review, the appellate court exercises its own judgment and
redetermines each legal issue, giving no deference to the trial court’s decision. Quick
v. City of Austin, 7 S.W.3d 109, 116 (Tex. 1998).
          In deciding a plea to the jurisdiction, a court may not weigh a claim’s merits,
but must consider only the plaintiff’s pleadings and the evidence pertinent to the
jurisdictional inquiry. County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex.
2002). The court of appeals must take the allegations in the petition as true and
construe them in favor of the pleader. Tex. Ass’n of Bus., 852 S.W.2d at 446.
Sovereign Immunity
          Sovereign immunity protects the State, its agencies, political subdivisions, and
officials from lawsuits for damages, absent legislative consent to sue. Federal Sign
v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997). Sovereign immunity encompasses
two principles: immunity from suit and immunity from liability. Id. The State
retains immunity from suit, without legislative consent, even if its liability is not
disputed. Id. Immunity from suit bars a suit against the State unless the State
expressly gives its consent to the suit. Id. The State may grant consent to sue by
statute or by legislative resolution. Id. A waiver of immunity must be made by clear
and unambiguous language. Univ. of Tex. Med. Branch v. York, 871 S.W.2d 175, 177
(Tex. 1994). The burden is upon the party suing the political subdivision to establish
consent to suit by alleging either a statute or express legislative consent. Tex. Dep’t
of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).
Proprietary v. Governmental Function
          The appellees contend that the doctrine of sovereign immunity does not apply
to the Cities’ actions because the actions were “proprietary” rather than
“governmental” functions. They argue that the Cities engaged in a proprietary act
when they issued permits to a private corporation designed to inure to the benefit of
the citizens of each city. We disagree.
          The issuance and denial of permits has been held to be a governmental
function. See Maguire Oil Co. v. City of Houston, 69 S.W.3d 350, 364 (Tex.
App.—Texarkana 2002, pet. denied) (oil permit); Trevino & Gonzalez Co. v. R.F.
Muller Co., 949 S.W.2d 39, 42 (Tex. App.—San Antonio 1997, no writ) (construction
permit); Kirschke v. City of Houston, 330 S.W.2d 629, 633 (Tex. Civ. App.—Houston
1959, writ ref’d n.r.e.), overruled on other grounds, City of Austin v. Teague, 570
S.W.2d 389, 393 (Tex. 1978) (development permit). Therefore, the Cities issuance
of the permits entitled them to sovereign immunity. We must now determine if the
Cities waived the immunity.
Texas Tort Claims Act
          The Cities argue that the trial court did not have jurisdiction over the
negligence/gross negligence and constructive fraud causes of action.



          Under the Tort Claims Act, a governmental unit’s sovereign immunity is
waived for “property damage, personal injury, and death proximately caused by the
wrongful act or omission or the negligence of an employee acting within his scope
of employment if: (A) the property damage, personal injury, or death arises from the
operation or use of a motor-driven vehicle or motor-driven equipment.” Tex. Civ.
Prac. & Rem. Code § 101.021 (Vernon 1997); Dallas Area Rapid Transit v. Whitley,
104 S.W.3d 540, 542 (Tex. 2003). The Texas Supreme Court has defined “use” as
“‘to put or bring into action or service; to employ for or apply to a given purpose.’”
Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg, 766 S.W.2d 208, 211 (Tex.
1989) (quoting Beggs v. Tex. Dep’t of Mental Health & Mental Retardation, 496
S.W.2d 252, 254 (Tex. Civ. App.—San Antonio 1973, writ ref’d)). 
          The appellees argue that their injuries arose from the seismic testing and that
police cars were used around the testing sites to provide traffic control. There is no
evidence in the record that police cars were actually used. The permits included a
provision that indicated how police officers would be compensated if they were used. 
Assuming that the police officers provided traffic control, the Cities counter that the
appellees did not allege a “use” of the police cars.
          The Texas Supreme Court has consistently required a nexus between the
operation or use of the motor-driven vehicle or equipment and a plaintiff’s injuries. 
See, e.g., Tex. Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 869 (Tex.
2001); LeLeaux v. Hamshire-Fannett Indep. Sch. Dist., 835 S.W.2d 49, 51 (Tex.
1992) (“The phrase ‘arises from’ requires a nexus between the injury negligently
caused by a governmental employee and the operation or use of a motor-driven
vehicle or piece of equipment.”); Hopkins v. Spring Indep. Sch. Dist., 736 S.W.2d
617, 619 (Tex. 1987). This nexus requires more than mere involvement of property. 
See generally Dallas County Mental Health & Mental Retardation v. Bossley, 968
S.W.2d 339, 343 (Tex. 1998). Rather, “the [vehicle]’s use must have actually caused
the injury.” White, 46 S.W.3d at 869 (citing Bossley, 968 S.W.2d at 342-43). Thus,
as with the condition or use of property, the operation or use of a motor vehicle “does
not cause injury if it does no more than furnish the condition that makes the injury
possible.” Bossley, 968 S.W.2d at 343.
          We hold that the appellees failed to affirmatively demonstrate the trial court’s
jurisdiction by alleging a valid waiver of immunity with respect to the
negligence/gross negligence and constructive fraud claims. See Miller, 51 S.W.3d
at 587; City of Fort Worth v. Pastusek Indus., Inc., 48 S.W.3d 366, 372 (Tex.
App.—Fort Worth , 2001, no pet.) (constructive fraud).
Nuisance
          In their third amended petition, the appellees alleged that 
Defendants’ intentional invasion of Plaintiffs (sic) property resulting
from substantial interference with the use and enjoyment constitutes
nuisance liability. . . . Defendants’ conduct created numerous nuisances,
which were intentional in the sense that they created the conditions, and
continued it with full knowledge of the consequences.



 
The Cities were immune if the private nuisance was caused by the negligent
performance of a governmental function. See Lethu Inc. v. City of Houston, 23
S.W.3d 482, 489 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Governmental
immunity is waived, however, for the creation or maintenance of a nuisance in the
course of “non-negligent” performance of a governmental function. Shade v. City of
Dallas, 819 S.W.2d 578, 581 (Tex. App.—Dallas 1991, no writ). In other words, if
the nuisance was caused by the intentional or reckless performance of a governmental
function, immunity is waived. See id.
          It is clear that the intentional acts referred to in the appellees’ petition did not
include the issuance of a permit. The Cities did not “intentionally invade Plaintiffs’
property” and create a nuisance. The pleadings and evidence on file do not indicate
that the Cities created a nuisance in their non-negligent performance of a
governmental function; therefore, there was no waiver of immunity. See Lethu Inc.,
23 S.W.3d at 489. 
Conclusion
          We reverse the order of the trial court and render judgment that the plaintiffs’
causes of action against the Cities are dismissed for lack of subject matter
jurisdiction.

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.