COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-174-CV
  
  
SCOTT 
ALBERT KARCHER                                                      APPELLANT
   
V.
   
CLASSIC 
FOODS, L.P.                                                              APPELLEE
  
  
------------
 
FROM 
THE 342ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
        Appellant 
Scott Albert Karcher sued Appellee Classic Foods, L.P., for breach of an 
employment contract, alleging that Appellee breached the contract by discharging 
him prior to the expiration of his fixed term of employment.  The trial 
court granted summary judgment for Classic Foods.  Because Classic Foods 
conclusively established that Karcher was an at-will employee, the trial court 
did not err by granting summary judgment.  Therefore, we will affirm.
II. Factual and 
Procedural Background
        In 
2002, Classic Foods began negotiating with Karcher regarding a position as a 
salesman in its convenience store line.  On March 6, 2002, Classic Foods 
made a written offer of employment to Karcher.  In the letter, the senior 
vice president of sales and marketing set forth the proposed position, 
compensation, and benefits as follows:
   
Position of Regional Vice President
Compensation 
$75,000.00 annually
Bonus 
Incentive 30% base salary paid annually
Automobile 
Allowance $600.00 monthly
Health 
and Dental Group Plan Immediate enrollment
401 
K enrollment July 1, 2002
Two 
Weeks Vacation after one-year employment
Three 
weeks vacation after five years employment
Future 
relocation to Temple[,] Texas
Company 
supplied lap top computer and cell phone.
*Bonus 
incentive will be pro rated for partial year employment. Bonus criteria will be 
based on company ebitda business plan, regional sales business plan, and 
discretionary objectives.
  
 
The 
March 6, 2002 letter did not discuss any specific term of employment or events 
of termination.
        On 
or about March 25, 2002, Karcher began working for Classic Foods under the terms 
of the March 6, 2002 offer letter.  Over a year later, on April 28, 2003, 
Classic Foods terminated Karcher’s employment due to a downward trend in 
revenue and in order to reduce sales expense.  Classic Foods provided 
Karcher with severance pay through May 12, 2003.
        Karcher 
filed suit in August 2003, alleging breach of an employment contract for a fixed 
term.  Thereafter, Classic Foods filed its answer and filed a motion for 
summary judgment, which the trial court eventually granted.  This appeal 
followed.
III. Standard 
of Review
        A 
defendant is entitled to summary judgment if the summary judgment evidence 
establishes, as a matter of law, that at least one element of a plaintiff’s 
cause of action cannot be established.  Elliott-Williams Co. v. Diaz, 
9 S.W.3d 801, 803 (Tex. 1999).  The defendant as movant must present 
summary judgment evidence that negates an element of the plaintiff’s 
claim.  Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 
1995).  Once the defendant produces sufficient evidence to establish the 
right to summary judgment, the burden shifts to the plaintiff to come forward 
with competent controverting evidence raising a genuine issue of material fact 
with regard to the element challenged by the defendant.  Id.
IV. Type of 
Employment
        In 
his sole issue, Karcher argues that the trial court erred by granting summary 
judgment on his cause of action for breach of contract.  Classic Foods 
responds that an offer letter, which includes a salary specified in terms of a 
period of duration, does not alter Karcher’s status as an at-will employee.
        As 
stated in Montgomery County Hospital District v. Brown, the general rule 
in this State has been that absent a specific agreement to the contrary, 
employment may be terminated by the employer or the employee, for good cause, 
bad cause, or no cause at all.  965 S.W.2d 501, 502 (Tex. 1998).  
General statements do not justify the conclusion that the speaker intends by 
them to make a binding contract of employment.  Id. at 502.  
For such a contract to exist, the employer must unequivocally indicate a 
definite intent to be bound not to terminate the employee except under clearly 
specified circumstances.  Id.  Without such agreement, the 
employee cannot reasonably expect to limit the employer’s right to terminate 
him.  Id.; see also Larson v. Family Violence and Sexual Assault 
Prevention Ctr., 64 S.W.3d 506, 518 (Tex. App.—Corpus Christi 2001, pet. 
denied) (recognizing that “[t]o avoid the employment at-will doctrine, an 
employee has the burden of proving that she and the employer had a contract that 
directly limited in a ‘meaningful and special way’ the employer's right to 
terminate the employee without cause”).
        Here, 
the offer letter did not limit in any way Classic Foods’s right to terminate 
Karcher’s employment without cause.  In fact, the only terms of duration 
included in the letter involved Karcher’s salary, which was to be paid 
annually, and his vacation time, which increased after one and five years of 
employment.  These terms do not “unequivocally indicate a definite intent 
[by Classic Foods] to be bound not to terminate [Karcher] except under clearly 
specified circumstances.”  See Brown, 965 S.W.2d at 502; Larson, 
64 S.W.3d at 518.  Classic Foods conclusively established that Karcher’s 
employment was at-will.  Consequently, Classic Foods did not breach a 
nonexistent agreement not to terminate Karcher for some specified period of 
time.  Accord Trevino & Gonzalez Co. v. R.F. Muller Co., 
949 S.W.2d 39, 42 (Tex. App.—San Antonio 1997, no writ) (stating that 
“[w]here there is no contract, there can be no breach of contract”).  
And the trial court did not err by granting summary judgment for Appellee.  
See Midland Judicial Dist. Cmty. Supervision and Corr. Dep’t v. Jones, 
92 S.W.3d 486, 487-88 (Tex. 2002) (holding employer entitled to summary judgment 
because employment was at will even though memorandum listed quarterly salary 
adjustments for a year and employee was terminated after three months’ 
employment).  We overrule Karcher’s sole issue.
V. Conclusion
        Having 
overruled Karcher’s sole issue, we affirm the trial court’s summary judgment 
for Classic Foods.
   
   
                                                          SUE 
WALKER
                                                          JUSTICE
  
 
PANEL 
B:   LIVINGSTON, GARDNER, and WALKER, JJ.
 
DELIVERED: 
April 21, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.