Scott Albert Karcher v. Classic Foods, L.P.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-174-CV

SCOTT ALBERT KARCHER APPELLANT

V.

CLASSIC FOODS, L.P. APPELLEE

------------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Scott Albert Karcher sued Appellee Classic Foods, L.P., for breach of an employment contract, alleging that Appellee breached the contract by discharging him prior to the expiration of his fixed term of employment.  The trial court granted summary judgment for Classic Foods.  Because Classic Foods conclusively established that Karcher was an at-will employee, the trial court did not err by granting summary judgment.  Therefore, we will affirm.

II.  Factual and Procedural Background

In 2002, Classic Foods began negotiating with Karcher regarding a position as a salesman in its convenience store line.  On March 6, 2002, Classic Foods made a written offer of employment to Karcher.  In the letter, the senior vice president of sales and marketing set forth the proposed position, compensation, and benefits as follows:

Position of Regional Vice President

Compensation $75,000.00 annually

Bonus Incentive 30% base salary paid annually

Automobile Allowance $600.00 monthly

Health and Dental Group Plan Immediate enrollment

401 K enrollment July 1, 2002

Two Weeks Vacation after one-year employment

Three weeks vacation after five years employment

Future relocation to Temple[,] Texas

Company supplied lap top computer and cell phone.

*Bonus incentive will be pro rated for partial year employment.  Bonus criteria will be based on company ebitda business plan, regional sales business plan, and discretionary objectives.

The March 6, 2002 letter did not discuss any specific term of employment or events of termination.

On or about March 25, 2002, Karcher began working for Classic Foods under the terms of the March 6, 2002 offer letter.  Over a year later, on April 28, 2003, Classic Foods terminated Karcher’s employment due to a downward trend in revenue and in order to reduce sales expense.  Classic Foods provided Karcher with severance pay through May 12, 2003. 

Karcher filed suit in August 2003, alleging breach of an employment contract for a fixed term.  Thereafter, Classic Foods filed its answer and filed a motion for summary judgment, which the trial court eventually granted.  This appeal followed.

III.  Standard of Review

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff’s cause of action cannot be established.  
Elliott-Williams Co. v. Diaz
, 9 S.W.3d 801, 803 (Tex. 1999).  The defendant as movant must present summary judgment evidence that negates an element of the plaintiff’s claim.  
Centeq Realty, Inc. v. Siegler
, 899 S.W.2d 195, 197 (Tex. 1995).  Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant.  
Id.

IV.  Type of Employment

In his sole issue, Karcher argues that the trial court erred by granting summary judgment on his cause of action for breach of contract.  Classic Foods responds that an offer letter, which includes a salary specified in terms of a period of duration, does not alter Karcher’s status as an at-will employee.

As stated in 
Montgomery County Hospital District v. Brown
, the general rule in this State has been that absent a specific agreement to the contrary, employment may be terminated by the employer or the employee, for good cause, bad cause, or no cause at all.  965 S.W.2d 501, 502 (Tex. 1998).  General statements do not justify the conclusion that the speaker intends by them to make a binding contract of employment.  
Id.
 at 502.  For such a contract to exist, the employer must unequivocally indicate a definite intent to be bound not to terminate the employee except under clearly specified circumstances.  
Id.
  Without such agreement, the employee cannot reasonably expect to limit the employer’s right to terminate him.  
Id.
; 
see also Larson v. Family Violence and Sexual Assault Prevention Ctr.
, 64 S.W.3d 506, 518 (Tex. App.—Corpus Christi 2001, pet. denied) (recognizing that “[t]o avoid the employment at-will doctrine, an employee has the burden of proving that she and the employer had a contract that directly limited in a ‘meaningful and special way’ the employer's right to terminate the employee without cause”).   Here, the offer letter did not limit in any way Classic Foods’s right to terminate Karcher’s employment without cause.  In fact, the only terms of duration included in the letter involved Karcher’s salary, which was to be paid annually, and his vacation time, which increased after one and five years of employment.  These terms do not “unequivocally indicate a definite intent [by Classic Foods] to be bound not to terminate [Karcher] except under clearly specified circumstances.”  
See Brown
, 965 S.W.2d at 502; 
Larson
, 64 S.W.3d at 518.  Classic Foods conclusively established that Karcher’s employment was at-will.  Consequently, Classic Foods did not breach a nonexistent agreement not to terminate Karcher for some specified period of time.  
Accord
 
Trevino & Gonzalez Co. v. R.F. Muller Co.
, 949 S.W.2d 39, 42 (Tex. App.—San Antonio 1997, no writ) (stating that “[w]here there is no contract, there can be no breach of contract”).  And the trial court did not err by granting summary judgment for Appellee.  
See Midland Judicial Dist. Cmty. Supervision and Corr. Dep’t v. Jones
, 92 S.W.3d 486, 487-88 (Tex. 2002) (holding employer entitled to summary judgment because employment was at will even though memorandum listed quarterly salary adjustments for a year and employee was terminated after three months’ employment).  We overrule Karcher’s sole issue.

V.  Conclusion

Having overruled Karcher’s sole issue, we affirm the trial court’s summary judgment for Classic Foods.

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DELIVERED: April 21, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.